UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **CINETEL FILMS, INC.** | ) |
| | ) |
| and | ) |
| | ) |
| **FAMILY OF THE YEAR** | ) |
| **PRODUCTIONS, LLC** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Case 8:11-cv-02438-JFM |
| | ) |
| **DOES 1-1,052** | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

The Court has read all the papers filed in connection with the Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference ("Motion"), and considered the sworn declarations and issues raised therein, including the relevant privacy issues and the unique aspects of "torrent" infringement.

ORDERED that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is GRANTED.  ORDERED that Plaintiff is allowed to serve immediate discovery on the internet service providers (ISPs) listed in Exhibit A to the Complaint to obtain the identity of each Doe Defendant, including those Doe Defendants for which Plaintiff has already identified an Internet Protocol (IP) address and those Doe Defendants for which Plaintiff identifies IP addresses during the course of this litigation, by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent)

addresses, telephone numbers, email addresses, and Media Access Control addresses, and the ISPs shall respond to such subpoenas; it is further

ORDERED that the Plaintiff may serve immediate discovery on any ISP identified by the same means detailed in the Declarations and Motion, or identified as providing network access or online services to one or more Doe Defendants by an ISP upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by an individual IP address together with the date and time access to the torrent network by such IP address was made for the purpose of downloading unlawful copies of the Plaintiff's copyrighted motion picture.  Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, e-mail address, and Media Access Control Address.

ORDERED any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights; it is further

ORDERED any ISP that receives a subpoena shall not assess any charge to the Plaintiff in advance of providing the information requested in the Rule 45 Subpoena or for IP addresses that are not controlled by such ISP, duplicate IP addresses that resolve to the same individual, other IP address that does not provide the name and other information requested of a unique individual, or for the ISP's internal costs to notify its customers; and it is further

ORDERED that any ISP which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such ISP; it is further

ORDERED that if the ISP and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena or before the expiration of any notice period provided by the ISP, whichever is earlier; it is further

ORDERED that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and it is further

ORDERED that Plaintiff shall provide each ISP with a copy of this Order.

Dated: _____

Hon. J. Frederick Motz
United States District Judge